UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SIDNEY BECK,<br><br>PLAINTIFF<br><br>v.<br><br>ACCESS EFORMS, LP, AND TIM ELLIOTT, INDIVIDUALLY,<br><br>DEFENDANTS | §§§§§§§§§§§§§ | CIVIL ACTION NO. 4:16-cv-985 |

## ORIGINAL COMPLAINT

Plaintiff Sidney Beck brings suit against Defendants Access E Forms, LP and Tim Elliott, Individually ("Defendants") and in support would show as follows:

### I.    PRELIMINARY STATEMENT

1.1    This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA").  Sidney Beck ("Beck" or "Plaintiff") worked for Defendants from May 2009 through November 2016 as a project specialist. Defendants provide electronic form management software designed to eliminate paper forms. Ms. Beck, a salaried, non-exempt employee, worked more than forty hours per week, but was never paid overtime compensation for any hours worked over forty.

1.2    Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     During the course of Plaintiff's employment, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours she worked in excess of forty hours per week at a rate of one-half times her regular rate of pay.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Access E Forms, LP because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Sidney Beck is an individual residing in this judicial district.

**B.     Defendants**

3.2     Defendant Access E Forms, LP is a domestic limited partnership formed and existing under the laws of the State of Texas and maintains and operates its principal office in Sulphur Springs, Texas.

3.3     Defendant Access E Forms, LP was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant Access E Forms, LP can be served with process by serving its registered agent for service of process, Roger E. Elliott, at 72 Cedar Lane, Sulphur Springs, Texas 75482.

3.5.    Defendant Tim Elliott is an individual who resides in Sulphur Springs, Texas.

3.6     At all times relevant to this claim, Defendant Tim Elliott acted directly or indirectly in the interest of Defendant Access E Forms, LP in relation to Plaintiff's employment.

3.7     At all times, Defendant Tim Elliott was substantially in control of the terms and conditions of Plaintiff's work.

3.8     Defendant Tim Elliott was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

3.9     Tim Elliott may be served with process at 72 Cedar Lane, Sulphur Springs, Texas 75482.

## IV.    FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Access E Forms, LP had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Access E Forms, LP has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the

production of goods for commerce while performing her job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant Access E Forms, LP provides electronic form management software designed to eliminate paper forms.

5.2     Defendants employed Plaintiff during the three-year period preceding the filing of this Complaint. Specifically, Sidney Beck was employed from May 2009 through November 2016 as a project specialist.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during her employment with Defendants.

5.5     Plaintiff was required to comply with Defendants' policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendants.

5.6     As the CEO of Defendant Access E Forms, LP, Tim Elliott independently exercised control over the work performed by Plaintiff.

5.7     Tim Elliott is responsible for running the day-to-day operations of Defendant Access E Forms, LP.

5.8     Tim Elliott, acting directly in the interest of Defendant Access E Forms, LP, determined the wages to be paid to Plaintiff.

5.9     Tim Elliott, acting directly in the interest of Defendant Access E Forms, LP, determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular

basis.

5.10   Tim Elliott, acting directly in the interest of Defendant Access E Forms, LP, determined the locations where Plaintiff would work.

5.11   Tim Elliott, acting directly in the interest of Defendant Access E Forms, LP, determined Plaintiff's hours.

5.12   Tim Elliott, acting directly in the interest of Defendant Access E Forms, LP, determined Plaintiff's conditions of employment.

5.13   Tim Elliott, acting directly in the interest of Defendant Access E Forms, LP, maintained employment records on Plaintiff.

5.14   Tim Elliott, acting directly in the interest of Defendant Access E Forms, LP, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.15   Plaintiff was a non-exempt employee under the FLSA.

5.16   Plaintiff normally worked in excess of forty hours per week.

5.17   Although Plaintiff worked more than forty hours per week, Plaintiff has not been compensated for her overtime hours at one-half times Plaintiff's regular rate of pay.

## VI.   CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    As a non-exempt employee under the FLSA, if Plaintiff worked over forty hours in a workweek, Plaintiff was entitled to overtime pay for these hours.

6.3   Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours per week.

6.4     Even though Plaintiff worked in excess of forty hours per week, Defendants failed to pay Plaintiff overtime pay for any hours worked in excess of forty per week.

6.5     Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff overtime compensation for all hours worked over forty per workweek.

6.6     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty in a workweek.

6.8     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff is entitled to liquidated damages for such conduct.

6.9     Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Sidney Beck respectfully prays that Defendants Access E Forms, LP and Tim Elliott, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendants, jointly and severally:

    a.    Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

    b.    Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF