# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SIDNEY BECK | § | |
| | § | |
| | § | Civil Action No.  4:16-CV-00985 |
| v. | § | Judge Mazzant |
| | § | |
| ACCESS E FORMS, LP | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Access eForms, LP's Motion to Strike Plaintiff's Expert (Dkt. #17).  After reviewing the relevant pleadings, the Court finds that Defendant's motion should be granted.

## BACKGROUND

On December 29, 2016, Plaintiff Sidney Beck initiated this action against Defendant Access eForms, LP for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Plaintiff alleges that she routinely worked in excess of forty hours per week and was not compensated as required under the FLSA.

On June 26, 2017, the Plaintiff served Defendant with Brian T. Farrington's ("Farrington") expert report.   On September 5, 2017, Defendant filed its Motion to Strike Plaintiff's Expert (Dkt. #17).  On September 18, 2017, Plaintiff filed a response (Dkt. #18).  On September 25, 2017, Defendant filed a reply (Dkt. #19).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue.  FED. R. EVID. 702.  A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony.  *See*

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592−93 (1993).  Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable.  *Daubert*, 509 U.S. at 590−91.  A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education."  FED. R. EVID. 702.  Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable."  *Daubert*, 509 U.S. at 589.  "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony."  *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors.  *Daubert*, 590 U.S. at 594.  In *Daubert*, the Supreme Court offered the following, non-exhaustive list of factors that courts may use in evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community.  *Id.* at 593–94; *Pipitone*, 228 F.3d at 244.  When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate."  *Daubert,* 509 at 594.

2

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593.  As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594.  Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 406 (5th Cir. 2000).

"When expert testimony has been challenged, it is incumbent upon the court to conduct a preliminary fact-finding to determine whether the expert is qualified to render the proffered opinions and whether the substance of the testimony is both reliable and relevant." *Allison v. NIBCO, Inc.*, No. 9:02-CV-172, 2003 WL 25685229, at *1 (E.D. Tex. May 21, 2003).  The court must also articulate its basis for admitting expert testimony. *See Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir. 2001).  To be reliable, and therefore admissible under Rule 702 of the Federal Rules of Evidence, expert testimony as to a scientific, technical or other specialized area must: (1) assist the trier of fact to understand the evidence or to determine a fact in issue; (2) be based upon sufficient facts or data; (3) be the product of reliable principles or methods; (4) and have reliably applied the principles and methods to the facts. FED. R. EVID. 702.  "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et. alia." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007).

## ANALYSIS

First, Defendants challenge Farrington's report on the basis that it contains numerous legal conclusions.  Experts cannot offer testimony regarding what law governs a dispute or what the applicable law means, because that is a function of the Court. *Fisher v. Halliburton*, No. H-05-1731, 2009 WL 5216949, at *2 (S.D. Tex. Dec. 21, 2009) (citing *Askanase v. Fatjo*, 130 F.3d 657,

3

673 (5th Cir. 1997)); *see also Goodman v. Harris Cnty*, 571 F.3d 388, 399 (5th Cir. 2009) ("An expert may never render conclusions of law."). "Allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). "There is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Askanase*, 130 F.3d at 673. In addition, an expert should not be permitted to give opinions that reiterate what the lawyers offer in argument. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (citation omitted). The Court notes that Federal Rule of Evidence 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, Rule 704 does not open the door to all opinions. *Owen*, 698 F.2d at 240. The rule is not intended to allow expert witnesses to give legal conclusions or tell the jury what result to reach. *Id*.

This issue in this case is whether Plaintiff is an exempt employee under the administrative and/or computer occupation exemptions to the FLSA. 29 U.S.C. §213(a)(1), (17). "This determination requires the fact-finder to evaluate the nature and terms of Plaintiff['s] employment, draw inferences from these facts, and apply the regulations and interpretations promulgated under section 213(a)(1)." *Benavides v. City of Austin*, 2012 WL 12883179, at *2 (W.D. Tex. July 2, 2012) (citing *Gelhaus v. Wal-Mart Stores, Inc.,* 769 F. Supp. 2d 1071, 1077 (E.D. Tex. 2011). "'[T]he ultimate determination of whether an employer qualifies for an exemption under the FLSA is a question of law' for the court to decide." *Id.* (quoting *Gelhaus,* 769 F. Supp. 2d at 1077).

According to Farrington's expert report, he was retained to

provide an expert opinion on whether the job duties and responsibilities of the plaintiff in this case required the exercise of discretion and independent judgment according to the standards applied by the U.S. Department of Labor, Wages and Hour Division ("USDOL/WH"), or fall into one of the computer professional occupations listed in 29 CFR 541.400, and/or require a similar level of skills as those occupations, according to the standards of USDOL/WH.

(Dkt. #17, Exhibit A at p. 1).

After reviewing Farrington's expert report, the Court finds that it consists almost entirely of legal analysis and conclusions. Farrington intends to express opinions concerning the application of the FLSA regulations to Plaintiff's job duties and opinions concerning whether those duties fall within the computer professional occupation exemption of the FLSA's overtime compensation requirement. In essence, Farrington reviews in detail statutes, case law, and facts relevant to his analysis to reach his conclusions as to whether Defendants' policies violate the FLSA or not. This is not properly within the scope of expert testimony, and the Court finds that the expert report should be stricken in its entirety. *See Little v. Tech. Specialty Prod., LLC*, 940 F. Supp. 2d 460, 468 (E.D. Tex. 2013) (striking Farrington as an expert in FLSA case); *Johnson v. All Am. Check Cashing, Inc.*, 2015 WL 11120670, at *3 (S.D. Miss. Mar. 12, 2015) (striking Farrington's testimony as bearing on "the ultimate legal determinations in the case, i.e whether the administrative exemption is applicable to [the plaintiff's] FLSA claim"); *Fairchild v. All-Am. Check Cashing, Inc.*, 2014 WL 3547003, at *4 (S.D. Miss. July 16, 2014) (striking Farrington opinion "concerning the application of the labor regulations to Plaintiff's job duties and whether those duties fall within the administrative exemption").

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Strike Plaintiff's Expert (Dkt. #17) is hereby **GRANTED**.

**IT IS SO ORDERED**.

 **SIGNED this 21st day of November, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE