# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SIDNEY BECK | § | |
| | § | |
| | § | Civil Action No.  4:16-CV-00985 |
| v. | § | Judge Mazzant |
| | § | |
| ACCESS EFORMS, LP | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaims (Dkt. #29).[1] The Court, having considered the relevant pleadings, finds that Defendant's motion should be denied.

## BACKGROUND

Plaintiff Sidney Beck worked as a project specialist for Defendant Access eForms, LP, from February 11, 2010 until she resigned, effective November 14, 2016. Defendant is in the business of providing electronic form management software designed, in part, to eliminate the need for paper forms. In connection with her employment, Plaintiff executed a Proprietary Information and Inventions Agreement ("Proprietary Information Agreement") and also signed an Electronic Data Policy Acknowledgement Form ("Electronic Data Form"), which addressed the email, voicemail and Internet policies of Access eForms.

On December 29, 2016, Plaintiff initiated this action against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff alleges that she routinely worked in excess of forty hours per week and was not compensated as required under

---

[1] Plaintiff also filed a Second Amended Motion to Strike Defendant's Counterclaims (Dkt. #28) contemporaneously with her motion to dismiss and Defendant adequately responded to both motions. The Court will consider both motions as one.

the FLSA. On September 28, Defendant filed its Amended Answer, Counterclaims and Affirmative Defenses (Dkt. #21).[2] Defendant asserts counterclaims against Plaintiff for breach of contract, conversion of property, and violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, harmful access to a computer under Texas Civil Practice and Remedies Code § 143.001, and misappropriation of trade secrets. On October 26, 2017, Plaintiff filed this motion to dismiss Defendant's (Dkt. #29). On November 9, 2017, Defendant filed its response (#33).[3]

The Court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 82 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction sua sponte"). Therefore, in addition to Plaintiff's 12(b)(6) motion to dismiss, the Court will determine whether it has subject matter jurisdiction over Defendant's counterclaims under 12(b)(1).

## LEGAL STANDARD

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited

---

[2] The Court will not consider Defendant's Amended Counterclaim (Dkt. #34) as not properly filed with the Court.
[3] Plaintiff filed a reply (Dkt. #36) to Defendant's response to Plaintiff's Motion to Strike Defendant's Counterclaims, which the Court has thoroughly reviewed.

jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citation omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

The Court has subject matter jurisdiction over those cases arising under federal law. U.S. Const. Art. III § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it appears beyond doubt that Plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane,* 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161. "A case is properly dismissed for lack of

subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders*, 143 F.3d at 1010).

B. *Motion to Dismiss for Failure to State a Claim*

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more

4

than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court generally may not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

## ANALYSIS

The FLSA mandates that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *see Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (2005).

To prevail on their claim for unpaid overtime, Plaintiffs must show by a preponderance of the evidence: "(1) that there existed an employer-employee relationship during the unpaid

overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing *Harvill*, 433 F.3d at 441). "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that [he] has performed work for which [he] alleges [he] was not compensated." *Harvill*, 433 F.3d at 441 (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).

> An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687–88. The evidence of hours worked need not be perfectly accurate as long as it provides a sufficient basis to calculate the number of hours worked. *Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979). "If the employer's records are 'proper and accurate,' the employee may rely on these records; if the employer's records are 'inaccurate or inadequate,' the employee may produce 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Rosales v. Lore*, 149 F. App'x 245, 246 (5th Cir. 2005) (internal citation omitted).

"Once the employee establishes a prima facie case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Johnson*, 758 F.3d at 630 (citing *Harvill*, 433 F.3d at 441). If the employer claims that the employee is exempt from the overtime requirement, the burden rests with the employer to prove

that the employee falls within the exempted category. *Id.* (citing *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

It is undisputed that the Complaint against Defendant gives rise to federal question jurisdiction under the FLSA. Defendant asserts counterclaims against Plaintiff for breach of contract, conversion of property, violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, harmful access to a computer under Texas Civil Practice and Remedies Code § 143.001, and misappropriation of trade secrets. Plaintiff asserts that "[n]one of Defendant's counterclaims are compulsory, as they derive from a completely different set of operative facts than those underlying Plaintiff's overtime claims." (Dkt. #36 at p. 4). The Court agrees.

A counterclaim is compulsory under Federal Rule of Civil Procedure 13(a) if it (1) arises out of the transaction or occurrence that is the subject matter or the opposing party's claim and (2) does not require adding another party over whom the court cannot acquire jurisdiction. The Fifth Circuit asks the following four questions to determine whether a claim is compulsory: (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. *Tank Insulation Int'l v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997). The counterclaim is compulsory if the answer to any of the four questions is yes. If a counterclaim is compulsory, there is no need for an independent basis of jurisdiction. *Kuehne & Nagel (AG & Co.) v. Geosource, Inc.*, 874 F.2d 283, 291 (5th Cir. 1989); *Zurn Ind. Inc. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir. 1988). It is established law that failure to plead a compulsory

counterclaim bars that party from bringing a later independent action on that claim. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998) (citation omitted).

The evidence needed to prove Defendant's counterclaims for breach of contract, conversion of property, violations of the Computer Fraud and Abuse Act, harmful access to a computer under Texas law, and misappropriation of trade secrets is entirely different than the evidence needed to prove Plaintiff's FLSA claim. Defendant's allegations that Plaintiff deleted thousands of Access emails and wiped Access computers plainly does not rest on the same operative facts as Plaintiff's FLSA claim that Defendant failed to pay her overtime wages. *See Cordero v. Voltaire, LLC*, 2013 WL 6415667, at *5 (W.D. Tex. Dec. 6, 2013) (finding theft, conversion, and breach of fiduciary duty counterclaims did not resort on the same operative facts as plaintiff's FLSA claim). The Court finds that all of Defendant's counterclaims have no bearing or impact on Plaintiff's claims, and Defendant would not be barred by res judicata. Thus, all of Defendant's counterclaims are permissive. Because Defendant's claims are permissive, the Court must have an independent basis for jurisdiction or must determine whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) in order to hear them. *See id*.

Defendant's claim for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is the only claim that has an independent basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331, thus, it is not necessary to consider the issue of supplemental jurisdiction for this claim. However, there is no independent basis for subject matter jurisdiction over the rest of Defendant's counterclaims against Plaintiff. Those counterclaims does not arise under a federal statute, nor does it involve a federal question to receive jurisdiction under 28 U.S.C. § 1331. The parties are also not diverse such that 28 U.S.C. § 1332 would offer subject matter jurisdiction. Thus, the

Court must determine whether to exercise its supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367.

Section 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court may decide not to exercise its powers of supplemental jurisdiction if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

The Court declines Defendant's request to exercise supplemental jurisdiction over the state law counterclaims. First, Defendant's counterclaims do not arise from the same set of facts as the FLSA claims. Defendant is not asserting claims that Plaintiff falsified and/or inflated the hours she allegedly work, and therefore, any hours she allegedly worked should be reduced. Defendant's counterclaims will required a different body of evidence to be proven and they do not share common facts with the FLSA claims. The only similarity of the claims is that they incurred within the employment relationship between the parties. "The mere fact that the parties were once linked by an employer-employee relationship is insufficient when the claims would stir such different issues and rely on such different facts and evidence." *Cordero,* 2013 WL 6415667, at *5 (quoting *Lou v. Ma Labs., Inc.*, 2013 WL 3989425, at *3 (N.D. Cal. Aug. 2, 2013)).

Even if the counterclaims did fall within the Court's supplemental jurisdiction, the Court would decline to exercise jurisdiction over them under Section 1367(c). 28 U.S.C. § 1367(c). The first three provisions of section 1367(c) do not apply. However the fourth provision, "in

exceptional circumstances, there are other compelling reasons for declining jurisdiction", is applicable to this case. 28 U.S.C. § 1367(c)(4). There are strong policy reasons for declining supplemental jurisdiction.

The exercise of supplemental jurisdiction in this case would chill the effectiveness of the FLSA. *See Barcena v. Tam Finance Corp.*, 2007 WL 1452587, at \*4 (W.D. Tex. May 8, 2007). Furthermore, the Fifth Circuit explicitly disfavors counterclaims in FLSA cases. *Martin v. PepsiAmericas, Inc.,* 628 F.3d 738, 740 (5th Cir. 2010) ("Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused."). In *Martin*, the Fifth Circuit concluded that counterclaims are only permitted when "the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee" or money that could be "characterized as advanced or inappropriate amounts subject to an offset against the overtime owed to him." 628 F.3d at 742. The Court declines Defendant's request to exercise supplemental jurisdiction over its state law counterclaims.

The public policy of refusing to allow counterclaims in FLSA cases applies equally to the Court's refusal to entertain Defendant's federal counterclaim alleging violations of the Computer Fraud and Abuse Act. Even though the Court has original jurisdiction over this counterclaim, it still has the discretion to hear the counterclaim and Plaintiff's claim as separate matters.

Rule 21 of the Federal Rules of Civil Procedure establishes that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," and "[t]he court may sever any claim against a party." FED. R. CIV. P. 21. Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). Trial courts have broad discretion to sever issues to be

tried before it. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). But courts will refuse to sever claims if "the court believes that it only will result in delay, inconvenience, or added expense." *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014). Severance under Rule 21 creates "two separate actions or suits where previously there was but one." *U.S. v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). When a single claim is severed, it proceeds as a "discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting actions." *Id.*

Although Plaintiff does not request the Court to severe the counterclaims, she does argue that separate trials are necessary for public policy reasons. When considering severance, courts weigh the following factors: "(1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; (5) whether different witnesses and documentary proof are required for separate claims." *Jones v. Dematic Corp.*, 2013 WL 12129709, at *1 (N.D. Tex. Nov. 8, 2013) (quoting *In re S. Scrap Material Co., L.L.C.*, 713 F. Supp. 2d 568, 588 (E.D. La. 2010))

The Court finds that severance under Rule 21 is appropriate for the same reasons the Court declines to exercise supplemental jurisdiction over Defendant's state law counterclaims. *See CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995) ("Severance is also appropriate when a counterclaim is based upon an entirely different factual situation from that which supports the plaintiff's claim."); *Jones,* 2013 WL 12129709, at *3 (holding that even under circumstances where some "witnesses may be common," courts routinely sever claims when "their testimony will differ between the claims.").

Moreover, although the Court finds that Plaintiff's Motion to Dismiss should be granted as to Defendant's state law counterclaims, in the interest of justice, the Court finds those claims should be instead severed along with Defendant's federal question counterclaim.

## CONCLUSION

The Court finds severance under Rule 21 appropriate because trying Defendant's claims together with Plaintiff's claim would confuse the jury and cause prejudice to Plaintiff. The prejudice and confusion outweighs the relatively minor benefit of trying the claims together for judicial economy.

It is therefore ordered that Plaintiff's  Motion to Dismiss Defendant's Counterclaims (Dkt. #29) is **DENIED**.

It is further **ORDERED** that Defendant's counterclaims claim are **SEVERED** from the present action. The Court directs the Clerk of this Court to assign a separate case number for Defendant's claims, naming Access eForms, LP, as the new Plaintiff and Sidney Beck as the new Defendant.

It is further **ORDERED** that within fourteen (14) days of the issuance of this order, Defendant Access eForms, LP, shall file a new complaint and must pay the filing fee for the new claims against Plaintiff to avoid having the severed causes of action dismissed without prejudice.

**IT IS SO ORDERED**.
**SIGNED this 4th day of January, 2018.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE