# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SIDNEY BECK | § § | |
| v. | § § | Civil Action No. 4:16-CV-00985<br>Judge Mazzant |
| ACCESS E FORMS, LP | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Access eForms, LP's Motion for Sanctions Based on Spoliation of Evidence (Dkt. #42). After reviewing the relevant pleadings, the Court denies Defendant's motion.

## BACKGROUND

Plaintiff Sidney Beck worked as a project specialist for Defendant Access eForms, LP ("Defendant" or "Access"), from February 11, 2010 until she resigned, effective November 14, 2016. Defendant is in the business of providing electronic form management software designed, in part, to eliminate the need for paper forms.

On December 29, 2016, Plaintiff initiated this action against Defendant for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff alleges that she routinely worked in excess of forty hours per week and was not compensated as required under the FLSA.

On December 29, 2017, Defendant filed its motion for sanctions (Dkt. #42) claiming Plaintiff deleted various electronically stored information ("ESI") "with the intention of filing a lawsuit and the intention of depriving [Defendant] of evidence relevant to such lawsuit." (Dkt. #42 at p. 2). On January 12, 2018, Plaintiff filed a response (Dkt. #50). On January 19, 2018, Defendant filed a reply (Dkt. #61).

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. A court may bar the disobedient party from introducing evidence, or it may direct that certain facts shall be "taken to be established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i). Rule 37 also permits a court to strike claims from the pleadings, and even to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763 (1980) (citation omitted); *accord* Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express,* 447 U.S. at 763–64 (citation omitted).

In addition, Rule 37(b)(2) requires that any sanction be just and specifically related to the particular claim that was the subject of the discovery violation. *Compaq Comput. Corp. v. Ergonome Inc.,* 387 F.3d 403, 413 (5th Cir. 2004) (citation omitted). Further, the penalized party's discovery violation must be willful. *United States v. $49,000 Currency,* 330 F.3d 371, 376 (5th Cir. 2003).

## ANALYSIS

Spoliation is a longstanding doctrine that applies to "the destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707 (5th Cir. 2015) (quoting *Rimkus Consulting Grp., Inc. v. Cammarata,* 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)). A court may impose appropriate sanctions "[i]f a party with a duty to preserve evidence fails to do so and acts with culpability." *Lopez v. Kempthorne,* 684 F. Supp. 2d 827, 890 (S.D. Tex. 2010) (quoting *Smith v. Am. Founders Fin. Corp.,* 365 B.R. 647, 681 (S.D. Tex. 2007)). "The obligation to

preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Id.*

Before evaluating Defendant's requested relief, the Court must first determine whether Plaintiff was under a duty to preserve relevant evidence. If so, the Court inquires about whether evidence should have been preserved. Lastly, the Court considers whether the failure to preserve was done in bad faith to warrant sanctions.

### A. Duty to Preserve

The duty to preserve arises when a party has notice or should anticipate the evidence is relevant to current or future litigation. *Cammarata*, 688 F. Supp. 2d at 612. Defendant asserts that after Plaintiff's duty to preserve arose, Plaintiff deleted various ESI including thousands of Access emails and chats that would necessarily show the overtime hours Plaintiff worked. Defendant argues that Plaintiff had a duty to preserve evidence as of at least November 8th, 2016, when she placed a sixteen minute phone call with her attorneys. Defendant substantiates this argument by turning to Plaintiff's prior testimony and other facts to prove the following timeline:

- On October 26, 2016, Plaintiff requested a salary increase, which was denied by Defendant;
- On Oct. 31, 2016, Plaintiff gave her resignation;
- On November 7, 2016, and November 8, 2016, Plaintiff called three employment attorneys;
- On November 8, 2016, Plaintiff spoke to her current attorney for sixteen minutes;
- On November 10, 2016, Plaintiff searched her Access emails and files for documents to provide to her attorneys as well as other documents;
- On November 11, 2016, Plaintiff began to delete all of her Access emails and chats without authority to do so according to Defendant;
- On November 14, 2016, before returning a work laptop, she deleted files from this laptop.

(Dkt. #42 at p. 2).

Defendant alleges that after Plaintiff's conversation with her attorney on November 8, 2016, Plaintiff knew that a lawsuit would arise out of the controversy. An allegation that "Plaintiff spoke with her current attorney for sixteen minutes" is speculative to conclude her duty to preserve

3

arose on November 8, 2016. However, even if the Court were to find that Plaintiff's duty to preserve arose on November 8, 2016, the Court must make a specific finding that she acted in bad faith to impose sanctions against her. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (citing *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)). The record is devoid of any evidence of bad faith on the part of Plaintiff.

    **B. Sanctions**

"A severe sanction such as . . . an adverse inference instruction requires bad faith and prejudice." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 642–43 (S.D. Tex. 2010) (citing *Condrey v. SunTrust Bank of Ga.,* 431 F.3d 191, 203 (5th Cir.2005); *Whitt v. Stephens County,* 529 F.3d 278, 284 (5th Cir.2008)). "Destruction or deletion of information subject to a preservation obligation is not sufficient for sanctions." *Id*. Under the doctrine of spoliation, the Court may draw an adverse inference "'that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party.'" *Whitt v. Stephens County,* 529 F.3d 278, 284–85 (5th Cir.2008) (quoting *Russell v. Univ. of Texas,* 234 Fed. Appx. 195, 207 (5th Cir.2007)); *Vick v. Texas Employment Commission,* 514 F.2d 734, 737 (5th Cir.1975) ("The adverse inference to be drawn from the destruction of records is predicated on bad conduct of the defendant. . . . The circumstances of the act must manifest bad faith.").

There is no evidence that Plaintiff purposefully deleted emails, or engaged in targeted deletions. The only evidence before the Court with respect to Plaintiff's deletion of emails is that prior to her last day with Defendant, Plaintiff attempted to move all of her Access emails to a personal email account and in the process of doing so, accidentally deleted a number of her emails. Furthermore, copies of deleted emails and chats were likely available from other sources because

she only deleted her copy of those emails and chats. Plaintiff could not delete emails or chats existing outside her account. Absent evidence of bad faith, the failure to preserve alone is not sufficient for sanctions. *Cammarata,* 688 F. Supp. 2d at 642.

Moreover, "even if [the Court] were to find bad faith and apply a spoliation inference, such inference would not substantially bolster [Defendant's] case against [Plaintiff] because there is little or no other evidence" that those emails and chats contain evidence that "might exonerate it from the overtime claims." *Saldivar v. Austin Indep. Sch. Dist.*, 674 F. App'x 347, 349–350 (5th Cir. 2016); (Dkt. # 42 at p. 4 n.7) ("Defendant also has no ability to know what Plaintiff deleted and whether the deleted emails and chats discussed how little work Plaintiff was doing, for example."). "[S]peculative assertions as to the existence of documents do not suffice to sustain a motion for spoliation of evidence." *Tri–County Motors, Inc. v. Am. Suzuki Motor Corp.,* 494 F.Supp.2d 161, 177 (E.D.N.Y. 2007) (citations omitted); *see Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975).

## CONCLUSION

It is therefore **ORDERED** that is Defendant Access eForms, LP's Motion for Sanctions Based on Spoliation of Evidence (Dkt. #42) is **DENIED**.

**SIGNED this 8th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE