# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SIDNEY BECK, | § § | |
| v. | § § | Civil Action No. 4:16-CV-00985<br>Judge Mazzant |
| ACCESS EFORMS, LP. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's first Amended Rule 59(e) Motion to Alter or Amend Judgment (Dkt. #99) and Defendant's Motion to Alter or Amend the Judgment (Dkt. #97). The Court, having reviewed the competing motions, relevant evidence, and pertinent caselaw, finds that the Court's Findings of Fact and Conclusion of Law (Dkt. #90) should be amended as to apply the facts of this case to the applicable law without construing the FLSA narrowly. In doing so, the Court finds that the result of the final judgment is not disturbed.

### BACKGROUND

This case involves the interpretation of a provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as applied to Plaintiff Sidney Beck. Plaintiff was employed by Defendant Access eForms, LP, as a Project Specialist. On December 29, 2016, Plaintiff initiated this action against Defendant for alleged violations of the FLSA.

The FLSA mandates that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *see Harvill v. Westward Communications, LLC*, 433 F.3d 428, 441 (2005). When enacted, the FLSA contained a number

of exemptions to the overtime requirement. Defendant contends that Plaintiff was a computer professional employee, exempt from the FLSA pursuant to 29 U.S.C. § 213(a)(17).

On March 12, 2018, this action came before the Court for a two-day bench trial that concluded on March 13, 2018. Plaintiff and Defendant appeared with counsel. The Court took testimony from the Plaintiff and other witnesses, received documents into evidence, and heard argument from the parties' counsel. The Court heard evidence and, upon reviewing the record, made its finds of fact and conclusions of law (Dkt. #90). The Court rendered final judgment in Plaintiff's favor and awarded Plaintiff damages in the amount of $24,914.00.

On September 4, 2018, Defendant filed its Motion to Alter or Amend the Judgment (Dkt. #99) and Amended Rule 59(e) Motion to Alter or Amend Judgment (Dkt. #99). On September 18, 2018, Plaintiff filed her response (Dkt. #103) and Defendant filed its response (Dkt. #104).

**LEGAL STANDARD**

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting

*Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

A motion seeking reconsideration of a final judgment that is filed within 28 days of the judgment is considered under Rule 59(e). *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Milazzo v. Young*, No. 6:11-CV-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Here, the parties filed their motions to alter the judgment within 28 days and accordingly the Court analyzes the motion under Rule 59(e).

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

Defendant contends that final judgment in this matter should be vacated because the Court erred in (1) narrowly construing FLSA; (2) relying on the FLSA exemption in § 213(a)(1) instead of the exemption set out in § 213(a)(17); and (3) finding that Plaintiff carried her burden of proof on damages.

3

Plaintiff agrees that the Court erred in narrowly construing the FLSA but argues that the Court reached the correct result. That is, Plaintiff asserts that the even if the Court engaged in a general application of the FLSA, instead of narrowly construing the statute, the Court would still find that Defendant failed to carry its burden of proving that Plaintiff was exempt as a computer professional. Plaintiff further contends that Defendant's challenge to the Court's finding on damages mirrors arguments that Defendant previously raised and that the Court rejected.

The Court considers each of these arguments in turn.

I. **Construing the FLSA**

The FLSA provides that employers must pay covered employees extra compensation of at least one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The reach of the FLSA is broad, but not unlimited. *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004). Certain employees are exempt from FLSA coverage, and the employer bears the burden to prove that an employee is exempt.

The Court originally relied on Fifth Circuit case law that held that "exemptions are to be narrowly construed against the employer." *Cleveland*, 388 F.3d at 526. The Supreme Court has held, however, that "[t]he Ninth Circuit also invoked the principle that exemptions to the FLSA should be construed narrowly. We reject this principle as a useful guidepost for interpreting the FLSA." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). In light of the Court's reliance case law to the contrary, the Court finds it necessary to apply the facts of the case to the standard articulated by the Supreme Court.

The Court now considers whether Defendant proved that Plaintiff was a computer professional employee, exempt from the FLSA under 29 U.S.C. § 213(a)(17).

**II.     The Computer Professional Exemption**

At issue in this case is the Computer Professional Exemption of the FLSA. 29 U.S.C. § 213(a)(17). Defendant argues that the Court relied on prior § 213(a)(1) exemption and regulations instead of the current § 213(a)(17) and current regulations. Plaintiff responds that regardless of which version of the regulatory framework is used to analyze the computer professional exemption, the end result remains the same: Defendant failed to carry its burden to prove that Plaintiff was exempt. Plaintiff maintains that there is no reasonable scenario, under either version of the regulations, that would support a finding that Plaintiff was exempt.

In order for the Computer Professional Exemption to apply, Defendant had to prove that Plaintiff was employed as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker, whose primary duty consisted of at least one of the following:

(1) the application of systems analysis techniques and procedures, including consulting with users to determine hardware, software or system functional specifications;

(2) the design, development, documentation, analysis, creation, testing, modification of computer systems or programs, including prototypes, based on and related to use or system design specifications;

(3) the design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

(4) a combination of the aforementioned duties, the performance of which requires the same level of skills.

29 U.S.C. § 213(a)(17).

The applicable regulation defines "primary duty" as "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Indeed, the regulation goes on to specify the nature of the "primary duty" inquiry:

> Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee

> include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Id*. Significantly, while the regulation does provide that "employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement," it also clarifies that, "[t]ime alone, however, is not the sole test . . . . Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion." *Id.* § 541.700(b). An employee's "primary duty" usually is what the employee does that is of principal value to the employer. *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990).

Defendant argues that the Court's analysis of Plaintiff's primary duty is erroneous for two reasons. First, Defendant contends that the Court erred in its proposition that an "employee's primary duty must require 'theoretical and practical application of highly-specialized knowledge *in computer systems analysis, programming, and software engineering*' not merely 'highly-specialized knowledge *of computers and software*.'" *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 580 (6th Cir. 2004) (emphasis in original). Second, Defendant assert that the Court erred in considering Plaintiff's education in determining Plaintiff's primary duty.

First, the Court agrees with Defendant that § 213(a)(17) does not have a *requirement* that an employee must have achieved a level of proficiency in the theoretical and practical application of a body of highly specialized knowledge. It, however, is not improper for the Court to consider such as a factor in its analysis. Indeed, the language of the applicable regulation provides that "[f]actors to consider when determining the primary duty of an employee include, *but are not limited to*, [enumerated list]." 29 C.F.R. § 541.700(a) (emphasis added). The Court's analysis

was not dispositive on the issue of whether Plaintiff's primary duty required theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming, and software engineering and not merely highly-specialized knowledge of computers and software. This was a factor that the Court considered, among others.

Second, the Court likewise agrees with Defendant that § 213(a)(17) does not require a learned profession with a college degree; however, Defendant's challenge to the Court considering Plaintiff's education fails for a similar reason. Defendant's argument to this point is based, in its entirety, on the Court's "see" citation to *Dybach v. State of Fla. Dept. Of Corrections,* 942 F.2d 1562, 1565 (11th Cir.1991). *Dayback* found that "[b]efore a particular position can qualify as one which climbs to the level of the professional exemption of section 213(a)(1), the duties of that position must call for a person who is in a learned profession with at least a college degree in a specialized type of learning . . . ." *Id*. The Court agrees that § 213(a)(17) contains no educational *requirement*; however, Defendant again takes a restrictive view of the Court's order. The Court considered not only Plaintiff's education but also her background, certifications, experience, and testimony.

Moreover, Defendant neither argues nor provides citation to evidence that would meet its burden of proving that Plaintiff qualified for the Computer Professional Exemption. As Plaintiff points out, Defendant accurately explains the new regulations but fails to explain how the revised regulation compel a different result. The Court, having applied a fair rather than narrow application of the FLSA, finds that Defendant failed to prove that Plaintiff was a computer professional employee, exempt from the FLSA pursuant to 29 U.S.C. § 213(a)(17).

### III.     Plaintiff's Damages

Defendant argues next that the Court erred in finding that Plaintiff carried her burden of proof on damages. Defendant specifically challenges the Court's finding that Plaintiff proved that she worked overtime and was not compensated for that time. Defendant argues that (1) it introduced evidence to negative Plaintiff's inference and (2) Plaintiff's trial evidence did not establish overtime or damages.

The Fifth Circuit has held:

> "(A)n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employees even though the result be only approximate."

*Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 318 (5th Cir. 1981) (quoting *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946)).

Therefore, Plaintiff must first prove that she performed work for which she was improperly compensated. Second, she must prove the amount and extent of that work as a matter of just and reasonable inference. And, only if Plaintiff satisfies these will the burden shift to Defendant to come forward with evidence to negative the reasonableness of the inference to be drawn from Plaintiff's evidence.

### A. Plaintiff Proved that She Performed Work for which She was Improperly Compensated

Defendant contends that Plaintiff offered no evidence of a single week where she worked more than forty hours. This directly contradicts the trial record.

At trial, Plaintiff's supervisors, Jeremy Snyder, Wes Pilkin and Sherry Dowdle, all testified that Plaintiff worked more than forty hours per week. In fact, Wes Pilkin testified that salaried employees such as Plaintiff were expected to work over forty hours per week. This testimony was uncontradicted. It is also undisputed that Defendant paid Plaintiff on a salary basis, and Plaintiff's salary did not rely on the number of hours worked. Therefore, it is clear that Plaintiff worked overtime and was not compensated pursuant to the statutory premium provided for by the FLSA.

**B. Plaintiff Produced Sufficient Evidence of the Amount and Extent of Work**

Defendant argues that Plaintiff offered no evidence of a single week where she worked more than forty hours. This, again, directly contradicts the trial record.

Plaintiff testified that she worked on average 67.05 hours per week. Plaintiff testified that she would work, on average, 13 to 13.5 hours each day. She testified that she would start her day at 6:45 a.m. to 7:00 a.m., would take approximately 15 minutes to make her children breakfast, and would take approximately 20 minutes to drive them to school. She then testified that she would work through lunch until approximately 6:30 p.m., when she would take about 1.5 hours to make dinner and put her children to bed. She testified that she would start working again at around 8:30 p.m. and stop around 10:30 p.m. This equates to 13 hours and 25 minutes per day, or 13.41 hours per day, which is 67.05 hours per week. While she testified that she would occasionally work both more and less than 13.41 hours per day, she testified that this amount represented her average, typical day.

Plaintiff's testimony was further supported by her supervisors who testified that she, in fact, worked overtime. The Court maintains that Plaintiff produced sufficient evidence to show the amount and extent of her damages by just and reasonable inference.

The burden now shifts to Defendant to come forward with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.

### C. Defendant's Burden to Negative the Plaintiff's Inference

Defendant argues that Plaintiff's own testimony was so confusing that it functions to negative Plaintiff's inference. The Court has previously explained that Plaintiff's testimony was sufficient to entitle her to a just and reasonable inference. The Court finds no portion of Plaintiff's testimony that operates to negative that inference.

Defendant's arguments concerning damages are echoed positions that the Court previously rejected. Again, a motion to alter a final judgment that is brought under Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Court finds no reason to disturb its award of damages to Plaintiff.

### CONCLUSION

It is therefore **ORDERED** that Plaintiff's First Amended Rule 59(e) Motion to Alter or Amend Judgment (Dkt. #99) is **GRANTED IN PART** and Defendant's Motion to Alter or Amend the Judgment (Dkt. #97) is **DENIED**. The Court will enter Amended Findings of Fact and Conclusions of Law, which that apply a fair, rather than narrow, construction of the FLSA to the facts in the present action. The Court will further enter Amended Final Judgment, which, as set forth above, will stay the same.

**SIGNED this 7th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE